[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16145
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-61749-MGC

JAMES WOOLSEY,

Plaintiff-Appellant,

versus

TOWN OF HILLSBORO BEACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 6, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

James Woolsey appeals the district court's grant of summary judgment in favor of the Town of Hillsboro Beach (Town) in his suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a).[1]  On appeal, Woolsey argues the Town's proffered reasons for his demotion were generalized, conclusory, and purely subjective.  Even assuming the Town met its burden of articulating legitimate, non-discriminatory reasons for his demotion, Woolsey claims these reasons were pretextual because the Town's explanations were untrue, and a jury could have reasonably inferred that the reason for his demotion was his age.  For the following reasons, we affirm.

## I. Background

In 2008, the Town's Chief of Police promoted Woolsey, almost 50 years-old at the time, to Captain, or second-in-command.  According to Woolsey, by 2010, his relationship with the Chief was "becoming difficult" because he "had implemented certain practices that [the Chief] did not agree with."  Woolsey claimed the Chief twice demanded that he retire and was silent when he asked why.  The Chief also provided him with materials for the Florida Retirement System's Deferred Retirement Option Program (DROP) around the same time they

---

[1] Age discrimination claims brought under FCRA "have been considered within the same framework used to decide actions brought pursuant to the ADEA." *Zaben v. Air Prods. & Chems.*, 129 F.3d 1453, 1455 n.2 (11th Cir. 1997).

were having a disagreement about disciplining an officer. Woolsey further testified that the Chief told him that if he did not retire, he "was going to take [him] down in an embarrassing ball of flames."

That same year, the Chief, on behalf of the Town, demoted Woolsey from Captain to Patrol Officer, citing the following reasons for his decision: lack of loyalty, lack of supervisory skills, failure to perform at the level expected of Captain, failure to support the Police Department's accreditation process, and disagreements about how the Department should have been run. In support of these reasons, the Town submitted multiple letters of counseling/reprimand and performance evaluations issued to Woolsey explaining his specific deficiencies and what needed to be done for him to improve, including a warning of possible demotion or termination if he did not. Throughout his testimony, Woolsey conceded he did not know why the Chief wanted him to retire, but he believed it was because of his age.

## II. Standard of Review

We review a district court's grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the non-moving party. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011). However, a party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a

3

genuine issue for trial. FED. R. CIV. P. 56. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." *Anderson v. Liberty Lobby*, *Inc.*, 106 S. Ct. 2505, 2512 (1986).

### III.  Discussion

Where, as here, a plaintiff seeks to establish age discrimination through circumstantial evidence, a court may use the burden-shifting framework established in *McDonnell Douglas*.[2]  *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).  Under this framework, if a plaintiff establishes a *prima facie* case of discrimination, the defendant may articulate a legitimate, non-discriminatory reason for the challenged employment action.  *Chapman*, 229 F.3d at 1024.  The Supreme Court has held that the defendant's explanation of its legitimate reasons must be clear and reasonably specific for it to satisfy its burden. *Texas Dep't of Cmty. Affairs v. Burdine*, 101 S. Ct. 1089, 1094-96 (1981).

Although Woolsey claims the Town failed to articulate legitimate, specific, non-discriminatory reasons for his demotion, the record indicates the Chief demoted Woolsey because of his lack of loyalty, lack of supervisory skills, failure to perform at the level expected of Captain, failure to support the Department's

---

[2] In *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (2009), the Supreme Court held that the language "because of" in the ADEA statute meant that a plaintiff had to prove that age discrimination was the "but-for" cause of the adverse employment action. *Id.* at 2350. Since *Gross*, we have reaffirmed that the evaluation of ADEA claims based on circumstantial evidence under the *McDonnell Douglas* framework is appropriate. *See Sims v. MVM, Inc.*, 704 F.3d 1327, 1332 (11th Cir. 2013).

accreditation process, and disagreements with him about how the Department should have been run.  In support of these reasons, the Town submitted multiple letters of counseling and reprimand and negative performance evaluations issued to Woolsey.  While Woolsey argues these are all subjective reasons for his demotion, a subjective reason is a legally sufficient reason where the employer "articulates a clear and reasonably specific factual basis upon which it based its subjective opinion," as the Town did here.  *See Chapman*, 229 F.3d at 1034-35.  Therefore, the Town carried its burden of production by offering a clear explanation of its legitimate, non-discriminatory reasons for the challenged employment action.  *See Burdine*, 101 S. Ct. at 1094-96.

Once a defendant articulates legitimate, non-discriminatory reasons for an employment decision, the plaintiff is afforded an opportunity to show the employer's stated reason is a pretext for discrimination.  *Chapman*, 229 F.3d at 1024.  To show pretext, the plaintiff must demonstrate that the proffered reasons were not the true reasons for the employment decision.  *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1162-63 (11th Cir. 2006).  An employee can show that the employer's articulated reasons were not believable by pointing to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered explanation.  *Id.* at 1163.  However, a reason is not pretext for discrimination "unless it is shown both that the reason was false, and that

5

discrimination was the real reason." *Id.* (quotations and emphasis omitted). "Provided that the proffered reason is one that might motivate a reasonable employer," the plaintiff must meet the reason "head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason." *Chapman*, 229 F.3d at 1030.

Woolsey failed to carry his burden to show that the Town's legitimate, non-discriminatory reasons were pretextual. In light of the evidence presented, Woolsey did not successfully attack the Town's reasons, "head on." *Chapman*, 229 F.3d at 1030. He did not point to sufficient weaknesses or contradictions in the Town's explanation, but instead, corroborated it by agreeing that he had disagreements with the Chief about how the Department should be run. *Brooks*, 446 F.3d at 1163. Even if Woolsey had shown that the Town's reasons were false, he failed to demonstrate that age discrimination was the real reason for his demotion. *Id.* Woolsey's testimony, taken against the weight of the evidence presented by the Town, including Woolsey's strained relationship with the Chief and his negative performance evaluations, constitutes a scintilla of evidence insufficient to support Woolsey's contention that he was demoted based on his age. *Anderson*, 106 S. Ct. at 2512. This is particularly true in light of the fact that the Chief had previously promoted him to Captain at the age of 49. Moreover, Woolsey failed to show that age was the but-for cause of his demotion for the same

reasons he failed to show pretext.  *See Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (2009).  Based on the above, we affirm.

**AFFIRMED.**